## THE PEOPLE *v.* McMANN *et al.*

*(In the District Court of Arapahoe County—nisi prius—October 13, 1880.)*

CRIMINAL PRACTICE—EVIDENCE. A defendant on trial upon charge of crime, who avails himself of the statute (Gen. Laws, p. 341, paragraph 874), and is sworn as a witness in the case, may be required to criminate himself, and will not be protected from a cross-examination so tending. But he cannot be required to answer as to whether he had made statements out of court, different from those detailed in testimony, to lay foundation for contradiction, unless it appears that such statements, if made, were made voluntarily and without any threats or promises to induce them.

The defendants being on trial upon an indictment, charging larceny, the district attorney offered to prove by a police officer that McMann had confessed the crime to him; but it appearing that whatever the prisoner said to the witness, was while in custody, and after threat or promise, the testimony was excluded. After all the other testimony had been heard, the accused availing himself of the privilege accorded by the act of 1872, (Gen. Laws, p. 341, paragraph 874), was sworn and testified as a witness. In his examination in chief, he testified that he did not commit the crime charged. Upon cross-examination he was asked by the district attorney if he did not, at a certain time and place, named in the question, confess his guilt to the officer aforesaid? The question was objected to, and the court held—

ELLIOTT, J. We cannot gain any benefit from the old authorities on this subject, because in the old authorities no man was ever permitted to be sworn for himself.

The position taken by the district attorney is, that while a witness may not be sworn to a confession made by a prisoner until a foundation is laid by showing that he made such confession voluntarily; yet, when the prisoner comes upon the stand himself and denies that he did a certain act, his own statement to the contrary, made out of court, may be given the same as in the case of any other witness, because he is placed on the stand, in the language of the statute, *as a witness in the case;* and although he appears here in a double capacity, yet, on the stand, he is entitled simply to the protection accorded to a witness. If he is entitled simply to the protection of a witness, then the question is proper.

If he is entitled, in addition to that, to the protection accorded to a prisoner, the question is improper.

It may be said on the part of the people, that it is always proper to ask a witness when he has sworn to a certain state of facts, if he did not at a certain time, out of court, make a different statement; and then it is for the jury to say what effect that has upon his credibility, if it turns out he did. On the other hand, it may be said, that no other witness would be permitted to testify to a confession, unless it is first shown that it was voluntary, and much less the defendant in the case.

It is a question which can be almost logically proven either way. It may be urged that the question may be asked of any other witness, while the other side may say no other witness could possibly be in the situation that he is—no other witness could possibly be an accused person. Besides, as a rule, it is only asked for purposes of impeachment, which in this case would be improper, for the reason that the statement out of court, concerning which the witness is now questioned, is shown to have been made, if made at all, under circumstances which render it inadmissible as testimony; and it can hardly be allowable to take advantage of circumstances such as are here presented, and require the accused in an indirect way, to make that testimony against himself, which the law holds to be incompetent as original and direct evidence. So that it appears that while McMann may be required to criminate himself, if he voluntarily puts himself on the stand; yet, as a defendant he is entitled to protection against himself as a witness—that is to say, his confessions cannot be shown by himself as a witness, unless voluntary, any more than by any other witness. The objection to the question is sustained.

